# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROOR INTERNATIONAL BV and
SREAM, INC.,**

       **Plaintiffs,**

**v.**                                                                       Case No:   6:19-cv-39-Orl-37LRH

**OCEAN SHORE FOOD MART, INC. and
ASKANDER MIRZA,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 16)** |
| **FILED:** | **July 10, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I.  BACKGROUND.**

On January 7, 2019, Plaintiffs filed a complaint against Defendants seeking injunctive relief and statutory damages for willful trademark infringement, counterfeiting, and false designation of origin/unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*.   Doc. No. 1.   Plaintiffs seek relief pursuant to 15 U.S.C. §§ 1114, 1116(d), 1118, and 1125(a).   *Id.* at 11–19.

Plaintiff RooR International BV ("RooR") is the registered owner of the "RooR" trademark. *Id.* ¶ 5. Plaintiff Sream, Inc. ("Sream") is the exclusive United States licensee authorized to use the "RooR" trademark and has been granted authority by RooR to police and enforce the "RooR" trademark within the United States. *Id.* ¶ 6; *see* Doc. No. 1-3.

Plaintiffs allege that "RooR" branded products include borosilicate jointed-glass water pipes, parts, and accessories. *Id.* at 3. The "RooR" brand is one of the leading companies in the industry and has been recognized for its innovative products and designs. *Id.* These products are highly renowned for their ornate and innovative characteristics. *Id.* Roor's products are made from superior materials and are handblown by individual artists. *Id.* at 6. RooR's federally registered trademarks include U.S. Trademark Registration Numbers: 2,235,638; 2,307,176; and 3,675,839 for the trademark "RooR." Doc. No. 1, at 4; Doc. No. 1-1; Doc. No. 1-2.

Plaintiffs allege that Defendants have, without their consent, offered for sale in the United States counterfeit goods using reproductions, counterfeits, copies, and/or colorable imitations of one or more of the "RooR" marks. Doc. No. 1, at 8. Plaintiffs include with the complaint photographs of the counterfeit goods. Doc. No. 1-5. Defendants' offer of counterfeit goods under the infringing marks has resulted in loss of business, customers, contracts, and sales for Plaintiffs. Doc. No. 1, at 11. Plaintiffs allege that Defendants' unauthorized use of the counterfeit marks is likely to cause confusion or mistake in the minds of the public and creates a false impression that the water pipes offered for sale by Defendants are authorized or approved by Plaintiffs. *Id*. at 8–11. Plaintiffs allege that Defendants' conduct constitutes willful trademark infringement. *Id.* at 13. Plaintiffs allege that the lost profits are difficult to determine, and they seek statutory damages, costs, and injunctive relief. *Id.* at 14. With respect to their false designation claim, 15 U.S.C. § 1125(a), Plaintiffs allege they have no adequate remedy at law. *Id.* at 17.

Defendant Ocean Shore Food Mart, Inc. ("Ocean Shore") was served with process on January 16, 2019.  Doc. No. 9.  On February 22, 2019, upon Plaintiffs' motion a Clerk's default was entered against Ocean Shore.  Doc. Nos. 10, 11.  Defendant Askander Mirza was served with process on February 26, 2019.  Doc. No. 13.  On May 29, 2019, upon Plaintiffs' motion, a Clerk's default was entered against him.  Doc. Nos. 14, 15.[1]  On July 10, 2019, Plaintiffs filed a Motion for Default Final Judgment Against All Defendants.  Doc. No. 16.  In the motion, Plaintiffs seek $15,000.00 in statutory damages, $904.21 in costs, and a permanent injunction against Defendants.  *Id.*  In a proposed order included with the default judgment, Plaintiffs also ask that the Court order Defendants to deliver the infringing products to Plaintiffs for destruction, and Plaintiffs ask that the Court retain jurisdiction pertaining to matters related to the judgment.  *See* Doc. No. 16-4 (proposed "Order and Judgment").

The Motion for Default Final Judgment Against All Defendants (Doc. No. 16) was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See Nishimatsu Constr. Co.*

---

[1] Upon review, service on both Defendants appears proper.  Defendant Askander Mirza was served by substitute service on a co-resident at his usual place of abode.  Doc. No. 13.  *See* Fed. R. Civ. P. 4(e)(2)(B).  Defendant Ocean Shore Food Mart, Inc. was served by delivering a copy of the summons and complaint to John Will, as "Employee/Person in Charge," at the business's address.  The return of service states that neither the registered agent nor other officers of the corporation were present at 10:40 a.m. on January 16, 2019, which was a Wednesday.  Doc. No. 9.  *See* Fed. R. Civ. P. 4(h)(1)(A); Fla. Stat. § 48.091 (corporation must designate registered agent, and every corporation shall have registered office open each day from 10:00 a.m. to 12:00 p.m. (exclusive of weekends and holidays) and a registered agent upon whom process may be served must be present); Fla. Stat. § 48.081 ("[I]f service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business . . . . A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.").

*v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2] Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1538, 1543–44 (11th Cir. 1985). However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

**III.   ANALYSIS.**

    A.   <u>Trademark Infringement</u>.

Pursuant to 15 U.S.C. §§ 1114 and 1116(d),[3] Plaintiffs seek to hold Defendants liable for willful trademark infringement based on Defendants' use of counterfeit products bearing the "RooR" mark. Doc. Nos. 1, 16. Under the Lanham Act, a defendant is liable for infringement, if, "without the consent of the registrant" he or she:

> Use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a). Accordingly, to prevail on a claim for trademark infringement, a plaintiff must demonstrate that "(1) its mark was used in commerce by the defendant without the [plaintiff's] consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (quoting *Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983)).

In this case, Plaintiffs have alleged that they have a valid trademark. Doc. No. 1, at 4. Plaintiffs have also alleged that Defendants have used that mark without Plaintiffs' consent,

---

[3] 15 U.S.C. § 1116(d)(1)(A) provides that in civil actions arising under section 1114(1)(a), "the court may, upon ex parte application, grant an order . . . providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation."

Defendants have sold counterfeit products bearing that mark, and the sale of the counterfeit product is likely to cause consumer confusion. *Id.* at 8–9. Plaintiffs have alleged that Defendants' infringement was willful. *Id.* at 13. Plaintiffs have attached to the complaint as exhibits photographs of the infringing products, as well as a copy of the mark in question. Doc. Nos. 1-2, 1-5; *see also* Doc. No. 1, at 5.

Based on the well pleaded allegations of Plaintiffs' complaint, I recommend that the Court find that Plaintiffs have sufficiently stated a claim for willful trademark infringement against Defendants. *See Roor Int'l Bv v. S & T Tobacco Int'l, Inc.*, No. 6:18-cv-1733-Orl-37GJK, 2019 WL 3225532, at *3 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, 2019 WL 3219837 (M.D. Fla. July 17, 2019).

B.     <u>False Designation of Origin</u>.

Plaintiffs also seek to hold Defendants liable for false designation of origin and unfair competition. Doc. No. 1, at 16. 15 U.S.C. § 1125(a) provides:

> (1) Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person
>> . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To prevail on a claim of false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must demonstrate "(1) that [he or she] had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the

two.'" *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 648–49 (11th Cir. 2007) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997)); *see also Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1503 (11th Cir. 1985) ("To prevail on a false designation of origin claim under 15 U.S.C. § 1125(a) a plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." (citing *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir. 1984))).

As discussed above, the complaint alleges that Plaintiff RooR owns the marks at issue. Doc. No. 1, at 4, 14. The complaint further alleges that Defendants' unauthorized use of the marks is likely to cause confusion among consumers. *Id.* at 15. Accepting these well-pleaded allegations of the complaint as true, I recommend that the Court find that Plaintiffs have sufficiently pleaded a claim of false designation of origin against Defendants.

  C.  <u>Injunctive Relief</u>.

"Federal courts may grant permanent injunctions where infringement is found to have occurred in order to prevent further infringing use of a mark." *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1242 (11th Cir. 2008). A plaintiff seeking a permanent injunction must demonstrate: (1) irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the parties, that a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Pursuant to the Lanham Act, the Court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations

of trademark law. 15 U.S.C. § 1116(a). In trademark infringement actions, injunctive relief is often appropriate because "there is no adequate remedy at law to redress infringement and infringement by its nature causes irreparable harm." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla. Oct. 18, 2007) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982 (11th Cir. 1995); *Gen. Motors Corp. v. Pat Cat Carts. Inc.*, No. 8:06-cv-900-SCB-MSS, 2006 WL 2982869 (M.D. Fla. Oct. 18, 2006)). Trademark infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

Plaintiffs' proposed order requests that the Court issue a permanent injunction in this matter. Doc. No. 16-4. Although Plaintiffs' motion for default judgment presents no argument as to why a permanent injunction should issue, the well-pleaded allegations of the complaint establish each of the necessary elements. Plaintiffs have established that Defendants' actions, by their nature, cause irreparable harm to Plaintiffs and that they have no adequate remedy at law. Specifically, Plaintiffs allege that Defendants' infringing conduct is causing irreparable harm and injury to Plaintiffs and to the goodwill and reputation of the RooR marks. Doc. No. 1, at 17. Plaintiffs allege that the sale of the counterfeit, inferior goods is misleading consumers. *Id.* at 8. Plaintiffs further allege that Defendants' sale of the counterfeit goods has resulted in lost business opportunities, customers, contracts, and sales to Plaintiffs. *Id.* at 10. Plaintiffs also allege that Defendants' wrongful acts will continue unless enjoined by the Court. *Id.* at 11, 17. Accordingly, the undersigned recommends that the Court find that permanent injunctive relief is appropriate. *See, e.g.*, *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 191 (11th Cir. 2005) ("[G]rounds for

irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill.") (quoting *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 805 (3d Cir. 1998));[4] *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) ("[T]he public interest is served by preventing consumer confusion in the marketplace.").

    D.    <u>Statutory Damages</u>.

Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $15,000.00. Doc. No. 16, at 5–8. Section 1117(c) provides that in cases involving the use of a counterfeit mark in connection with a sale, offering, or distribution of goods, "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages [of] . . . not less than $1,000 and not more than $200,000.00 per counterfeit mark per type of good or services sold, offered for sale or distributed, as the court considers just." 15 U.S.C. § 1117(c). If the Court finds that the use of the counterfeit mark is willful, a plaintiff may seek not more than $2,000,000.00 per counterfeit mark. *Id.* Trademark infringement is "willful" when "the infringer acted with actual knowledge or reckless disregard." *Sream, Inc. v. Asat Inc.*, No. 18-14258-CIV, 2019 WL 1573337, at *4 (S.D. Fla. Apr. 11, 2019) (quoting *Petmed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004)). "[T]he Court has wide discretion to determine the amount of statutory damages." *Id.* (quoting *Chanel, Inc. v. Besumart.com*, 240 F. Supp. 3d 1283, 1292 (S.D. Fla. 2016)).

Here, Plaintiffs seek an award of $15,000.00 in statutory damages. Doc. No. 1, at 18; Doc. No. 16, at 8. Plaintiffs argue that this amount "not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal message to the industry that counterfeiting will not be

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands . . . ." Doc. No. 16, at 8. Plaintiffs have alleged that Defendants' infringement was willful and that Defendants used the RooR mark to cause consumers to believe they were purchasing authentic RooR products. Doc. No. 1. Plaintiffs have filed affidavits of Sream's owner, Jarir Faraj, in support of their requested statutory damages. Doc. Nos. 16-2; 16-3. Mr. Faraj avers that the amount of actual damages caused by Defendants' infringement is "nearly impossible to determine"; however, Plaintiffs have suffered losses such as consumer goodwill, loss of brand reputation, confusion in the marketplace, and lost profits. Doc. No. 16-2, at 4. As to the value of Plaintiffs' damages, Mr. Faraj avers that Sream's total sales dropped over 35% in 2016 due to the presence of counterfeit products in the marketplace, and that the sale of counterfeit RooR products "has almost devastated the marketplace." Doc. No. 16-3, at 3.

Based upon a review of the record, the undersigned recommends that the Court find that an award of $15,000.00 is reasonable and just pursuant to 15 U.S.C. § 1117(c). *See Roor Int'l Bv*, 2019 WL 3225532, at *3–4, *report and recommendation adopted*, 2019 WL 3219837 (awarding $15,000.00 in statutory damages in substantially similar case).

      E.    <u>Return of Infringing Materials for Destruction</u>.

Plaintiffs request that this Court enter a proposed order that includes a direction to Defendants to deliver any infringing materials to Plaintiffs for destruction, pursuant to 15 U.S.C. § 1118. Doc. No. 16-4, at 2. Plaintiffs also requested such relief in the complaint. Doc. No. 1, at 19. Plaintiffs' motion for default judgment, however, does not address the relief they seek pursuant to 15 U.S.C. § 1118. Doc. No. 16, at 1. Nonetheless, because Plaintiffs have requested that the Court accept the proposed order, the undersigned has considered Plaintiffs' request. *See Roor Int'l*

*Bv*, 2019 WL 3225532, at *3, *report and recommendation adopted*, 2019 WL 3219837. Section 1118 provides that:

> In any action arising under this chapter, in which violation of any right of the registrant of a mark registered in the Patent and Trademark office, a violation under section 1125(a) of this title, or a willful violation under section 1125(c) of this title, shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title or a willful violation under section 1125(c) of this title, the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed. . . . .

15 U.S.C. § 1118. Accordingly, having found that Defendants violated 15 U.S.C. § 1125(a), Plaintiffs are entitled to the relief requested pursuant to 15 U.S.C. § 1118. *See Roor Int'l Bv*, 2019 WL 3225532, at *4, *report and recommendation adopted*, 2019 WL 3219837.

  F. <u>Costs</u>.

Plaintiffs request costs in the amount of $904.21 for filing fees ($400.00), process server fees ($271.60), and investigation costs ($232.61). Doc. No. 16, at 2, 9; Doc. No. 16-1, at 2. Pursuant to 15 U.S.C. § 1117, Plaintiffs may recover the costs of the action. Costs are generally limited to those recoverable under 28 U.S.C. § 1920. *Sream, Inc.*, 2019 WL 1573337, at *4.

Plaintiffs are entitled to recover the $400.00 filing fee and the process server fee of $271.60 as those costs are recoverable under section 1920. *See* 28 U.S.C. §§ 1920(1), (5). However, Plaintiffs' investigation costs of $232.61 are not otherwise recoverable under section 1920, and Plaintiffs provide no legal basis upon which to award their investigation costs. Doc. No. 16, at 9. Accordingly, I recommend that the Court only award total costs in the amount of $671.60.

G. <u>Retention of Jurisdiction</u>.

Plaintiffs' proposed order provides that the Court will retain jurisdiction over any matter pertaining to this judgment. Doc. No. 16-4, at 2. The Court has the discretion to retain jurisdiction, and given the grant of permanent injunctive relief, retention of jurisdiction would be proper in this instance. *See Roor Int'l Bv*, 2019 WL 3225532, at *4, *report and recommendation adopted*, 2019 WL 3219837 (retaining jurisdiction in substantially similar case).

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part and DENY in part** the Motion for Default Final Judgment Against All Defendants (Doc. No. 16). I **RECOMMEND** that the Court accept in part Plaintiffs' proposed "Order and Judgment" (Doc. No. 16-4) and order as follows:

1. Plaintiffs' the Motion for Default Final Judgment Against All Defendants is **GRANTED in part**.

2. It is hereby **ORDERED** that Judgment be entered in favor of Plaintiffs on all claims, and Defendants shall be liable to Plaintiffs in the amount of $15,671.60 (comprising statutory damages of $15,000.00 and costs of $671.60) for which let execution issue.

3. It is **FURTHER ORDERED** that Defendants, their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it are permanently restrained and enjoined from infringing upon the RooR Marks with the registration numbers 3,675,839, 2,307,176, and 2,235,638 directly or contributorily, in any manner, including but not limited to:

    a. Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof; or

    b. Assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

4. It is **FURTHER ORDERED** that pursuant to 15 U.S.C. § 1118, Defendants, at their cost, deliver to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any of the RooR Marks.

5. It is **FURTHER ORDERED** that the Court retains jurisdiction over any matter pertaining to this judgment.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 20, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy