UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROOR INTERNATIONAL BV; and
SREAM, INC.,

    Plaintiffs,

v.                                                    Case No. 6:19-cv-39-Orl-37LRH

OCEAN SHORE FOOD MART, INC.;
and ASKANDER MIRZA,

    Defendants.
_____

## **ORDER**

    Plaintiffs Roor International BV and Sream, Inc. sued Defendants Ocean Shore Food Mart, Inc. and Askander Mirza alleging they have been infringing on Plaintiffs' "RooR" trademark in violation of the Lanham Act, 15 U.S.C. § 1051. (Doc. 1.) Plaintiffs successfully obtained an entry of default against Defendants. (Docs. 10, 11, 14, 15.) Now, Plaintiffs request default judgment against Defendants, damages, and a permanent injunction. (Doc. 16 ("**Motion**").) On referral, U.S. Magistrate Leslie R. Hoffman recommends granting the Motion in part. (Doc. 17 ("**R&R**").) Specifically, Magistrate Judge Hoffman recommends: (1) entering judgment in favor of Plaintiffs on all claims; (2) awarding Plaintiffs $15,671.60 in damages and costs; (3) granting Plaintiff's proposed permanent injunction; (4) ordering items bearing "RooR" marks in Defendants' control to be delivered to Plaintiffs for destruction; and (5) retaining jurisdiction over this matter. (*Id.*; *see also* Doc. 16-4.)

The parties did not object to the R&R, and the time for doing so has now passed. Absent objections, the Court has examined the R&R for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 17) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Plaintiffs Roor International BV and Sream, Inc.'s Motion for Default Final Judgment Against All Defendants (Doc. 16) is **GRANTED IN PART AND DENIED IN PART.**

    a. The Motion is **DENIED** to the extent it requests $232.61 in investigation costs.

    b. In all other respects, the Motion is **GRANTED**.

3. The Court **AWARDS** Plaintiffs Roor International BV and Sream, Inc. statutory damages and costs in the amount of $15,671.60.

4. Defendants Ocean Shore Food Mart, Inc. and Askander Mirza, their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them are permanently restrained and enjoined from infringing upon the RooR Marks with the registration numbers 3,675,839, 2,307,176, and 2,235,638 directly or contributorily, in any manner, including

but not limited to:

    a. Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof; or

    b. Assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

5. Defendants Ocean Shore Food Mart, Inc. and Askander Mirza are **ORDERED** to, at their cost, deliver to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any of the RooR Marks.

6. The Court retains jurisdiction over this action to enforce this Judgment, Order, and Permanent Injunction.

7. The Clerk is **DIRECTED** to enter default judgment in favor of Plaintiffs Roor International BV and Sream, Inc. and close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 8, 2019.



Copies to:
Counsel of Record